# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50277 | **DATE** | 12/06/2010 |
| **CASE TITLE** | Wayne Edwards vs. Poci, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff has paid the required filing fee.  However, the complaint is dismissed pursuant to 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(1) for failure to state a claim on which relief may be granted.  The case is terminated.  Plaintiff's motion for appointment of counsel [4] is denied as moot.

*Philip G. Reinhard*

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Wayne Edwards, brings this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff has paid the required filing fee.  Plaintiff was an inmate at the Dixon Correctional Center when he filed the instant suit.  Accordingly, pursuant to 42 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint.  28 U.S.C. § 1915A (the court is required to timely screen a prisoner complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity").

Plaintiff was incarcerated at the Dixon Correctional Center.  On April 5, 2010, plaintiff requested that his counselor, Gary Poci, accept and review an application for plaintiff to be transferred to a work release facility.  After a review of the application and the supporting documents, Poci told plaintiff that since he had been previously denied work release, it was Dixon's policy not to accept another application for work release. Poci stated that he would verify the policy with his supervisor, Michael Callahan.  Poci refused to accept the application.  The next day, Poci told plaintiff that he was correct in not accepting the new application because plaintiff had been previously denied work release due to the "nature of offense" of his conviction and re-submission would be meaningless because the reason for the original denial, the nature of the offense, had not changed.  Poci refused to accept the application.

Plaintiff filed a grievance with Poci regarding the refusal to accept his application for the work release program.  Poci responded that his previous application on June 18, 2008, was denied due to the nature of the offense and that he should have filed a grievance within six months of that denial.  Plaintiff's subsequent appeal of the denial of grievance and appeal to the Administrative Review Board were denied by Michael P. Randle and Brian Fairchild.

Plaintiff alleges that Dixon's policy of refusing to allow him to re-apply for work release violated his right to due process.

Absent a state rule that creates a specific entitlement, prisoners do not have a liberty interest in their placement.  *See Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2010); *DeTomaso v. McGinnis*, 970 F.2d 211, 213 (7th Cir. 1992).  In Illinois, the assignment to work release, or any other transfer, is at the

discretion of the prison officials. *See* 20 Ill. Adm. Code § 455.30. These rules, while establishing eligibility for such placement, do not confer an entitlement to such placement. *See DeTomaso*, 970 F.2d at 913. Accordingly, plaintiff does not have a constitutional claim regarding the denial of an application for work release, let alone a successive one. *See DeTomaso*, 970 F.2d at 913; *see also Edwards v. Butler*, No. 08 C 207, 2009 WL 855198, at *2 (S.D. Ill. March 27, 2009) (Stiehl, J.); *Matthews v. Lane*, No. 85 C 6938, 1990 WL 114474, at *2 (N.D. Ill. July 31, 1990) (Holderman, J.); *Durr v. Ruby*, No. 90 C 0234, 1990 WL 7131, at *1 (N.D. Ill. Jan. 23, 1990) (Holderman, J.) (collectively, denying due process claims based on denial of work release because any interest in work release is not entitled to due process protection).

Plaintiff further alleges that Dixon's policy regarding the applications for work release violates his equal protection rights. In light of the discretionary nature of work release for inmates, similar equal protection arguments have been rejected. *See Matthews*, 1990 WL 114474, at *2; *Durr*, 1990 WL 7131, at *1.

Plaintiff also alleges that Michael P. Randle and Brian Fairchild violated his constitutional rights based on their denial of the appeal of his grievance following the denial of his second application for the work release program. An inmate does not have a substantive due process right to a grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The only right attached to a grievance process is a procedural one, that an inmate must be allowed to exhaust his administrative remedies in order to pursue his right to access to the courts. *See Antonelli*, 81 F.3d at 1430; *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Here, plaintiff only alleges his dissatisfaction with the results of his grievance appeals. Thus, plaintiff has failed to state a due process claim against Michael P. Randle and Brian Fairchild.

Lastly, plaintiff alleges a state-law claim of negligence based on the failure to allow him to file a successive request for work release. Because plaintiff's federal claims are dismissed, the court may decline to exercise supplemental jurisdiction over any state-law claims. *See Schor v. City of Chicago*, 576 F.3d 775, 779 (7th Cir. 2009). Considering the various factors under 28 U.S.C. § 1367(c), the court finds there is no basis for retaining the state-law claims in this case. *See Hansen v. Board of Trustees of Hamilton Southeastern School Corp.*, 551 F.3d 599, 608 (7th Cir. 2008).

For the foregoing reasons, the federal claims are dismissed for failure to state a claim, the state-law claim is dismissed without prejudice, and this cause is dismissed in its entirety.